■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OLAVI LINARES, Appellant. [759 NYS2d 76] —Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered July 26, 2001, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to concurrent terms of 7½ to 15 years and 1 year, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Issues of credibility and identification were properly considered by the trier of facts and there is no basis for disturbing its determinations (*see People v Gaimari*, 176 NY 84, 94 [1903]). We do not find the undercover officer's account of the transaction to be implausible.

Since defendant's arguments at the *Hinton* hearing were completely different from those he now raises on appeal, defendant's contention that the courtroom was improperly closed to the general public during the undercover officer's testimony is unpreserved (*see People v Lugo*, 233 AD2d 197 [1996], *lv denied* 89 NY2d 1037 [1997]), and we decline to

review it in the interest of justice. Were we to review this claim, we would find that the People made a sufficiently particularized showing to warrant closure in that the undercover officer continued to work in the area of defendant's arrest, had pending cases in the courthouse, had unapprehended suspects remaining at large from the area of defendant's arrest and took precautions when testifying (*see People v Ramos*, 90 NY2d 490, 498 [1997], *cert denied sub nom. Ayala v New York*, 522 US 1002 [1997]). We also note that a relative of defendant was permitted to remain throughout the proceedings.

We perceive no basis for reducing the sentence. Concur—Nardelli, J.P., Saxe, Sullivan, Wallach and Gonzalez, JJ.